USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/16/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MARLENY ACEVEDO, *ET AL.*,  :   01 Civ. 6014 (SHS)

                Plaintiffs,  :

   -against-  :   ORDER

JASON TURNER, *ET AL*,  :

                Defendants.  :

------------------------------------------------------------x

SIDNEY H. STEIN, U.S.D.J.

       In a Report and Recommendation dated December 29, 2010, Magistrate Judge Ronald L. Ellis recommended that this Court deny plaintiffs' motion to enforce paragraph 3 of the Stipulation and Order of Settlement ("Settlement Agreement") terminating this class action. The question is whether there has been a systemic failure by the defendants to comply with the terms of that Settlement Agreement by the City of New York. Plaintiffs sought to have the City notify all recipient class members whose benefits had been reduced or discontinued from June 20, 2007 to the present without notice and that those benefits be reinstated and retroactive benefits granted. Plaintiffs contend that the noncompliance rates from June 2007 to December 2008 were 10% (Objections, pp. 3-4), and this was the rate adopted by the Magistrate Judge for that period alone. A significant portion of that was caused by computer issues and following resolution of that problem, the parties agree that the rate of noncompliance has been 1.9% (Plaintiffs' Objections, pp. 1-3). The parties also agree that the 1.9% rate "does not constitute substantial non-compliance" (Objections, p. 1). Magistrate Judge Ellis concluded that that figure is "within reasonable tolerance and shows substantial compliance" (Report and

Recommendation, p. 11) and recommended that the Court deny plaintiffs' motion to enforce the Settlement Agreement.

Plaintiff then filed objections to the Report and Recommendation contending that "it was not contending" that the 1.9% noncompliance represented a systemic failure to comply with the terms of the Settlement Agreement, but instead was contending that the 10% noncompliance rate limited to what it claims is the relevant period – June 20, 2007 to June 30, 2009 (see Objections, p. 2, 3) – constituted a systemic failure.[1]

Plaintiffs' objections do not carry the day. First, in its moving papers in September of 2009, plaintiffs did indeed contend that there was a systemic failure "for the period June 20, 2007 to the present" (Motion to Enforce at ¶ 1), and gave every indication that it was seeking relief through "the present," and not just for the earlier period with the higher noncompliance rate. Secondly, what is important is that the "present" noncompliance rate is agreed to be merely 1.9%. Third, once the case review file sampling determined the existence of the noncompliance rate, that rate was cut down by at least 80% to 1.9%. Last, considering all of the factors here, including the very low current noncompliance rate; the fact that substantial compliance is not a bright-line set percentage; the fact that earlier noncompliance rates ranged from 7% to 10%; the level of realistic compliance contemplated in the Settlement Agreement; the nature of the right at stake; and the obligation imposed, the Court determines that the noncompliance rate during the period that was sampled constitutes substantial compliance and there was no – and currently is no – systemic failure to comply with the Settlement Agreement.

---

[1] Plaintiffs add the period from January 2009 through June 30, 2009 to the period when they claim the noncompliance rate was 10% because, although the sampling period did not include the first six months of 2009 (see Report and Recommendation, chart at p. 8), the computer problem that arguably resulted in the noncompliance rate was not fixed until June 2009 (see Objections, p. 3). Defendants contend that the noncompliance rate during the earlier period was 7% at most (Defendants' Memorandum dated January 27, 2011, at p. 3 n. 4).

See Barcia v. Sitkin, 367 F.3d 87, 103-105 (2d Cir. 2004). The terms and aims of the Settlement Agreement have been – and are being – met.

Accordingly, on *de novo* review of Magistrate Judge Ellis' Report and Recommendation dated December 29, 2010, as well as an analysis of plaintiffs' Objections dated January 13, 2011, and defendants' memorandum dated January 27, 2011,

IT IS HEREBY ORDERED that the December 29, 2010 Report and Recommendation is adopted for the reasons set forth therein as well as the reasons above and plaintiffs' motion to enforce paragraph 3 of the Settlement Agreement is denied.

Dated: New York, New York
       February 17, 2011

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.